Tayror, Judge,
 

 was concurred in by the Court:
 

 This ejectment is instituted upon the ground that the lessor of the Plaintiff is entitled to a restitution of the land upon a reversal of the judgment under the authority of which it was sold, because Henry Dellinger, the Plain
 
 *273
 
 tiff in the original .action, and the Defendant in error, became the purchaser. It must be conceded that the general rule of Law is, that upon the reversal,of a judgment, the PiaintifF in ei’ror is entitled only to the money raised by the sale. If it were otherwise, few persons would be willing to take upon themselves the risque of buying property at a Sheriff’s sale, of which they might afterwards be deprived in consequence of some error in the judgment, to the examination of which they would not be parties, and on which they could claim no right of being heard. If a different rule apply to the case where the Plaintiff himself becomes the purchaser, it must be supported by some authority, and wc cannot perceive, in any of the cases relating to this point, that conclusive force which ought to establish so important an exception to a fixed principle of Law. In this State, lands are liable to be sold upon the
 
 Jieri
 
 facias, in like manner with chattels. As the Plaintiff in the original judgment, might, under a
 
 fieri facias,
 
 become the purchaser of goods, he may now become the purchaser of lands, and if the Plaintiff in error is entitled to a restitution of lands, upon the reversal of the judgment, because the Defendant became the purchaser, he must be equally entitled to the restitution of goods for the same reason. It is also a necessary consequence of this doctrine, that the Plaintiff in the original action, purchasing the goods, cannot sell them, so as to convey a valid title against a subsequent reversal of the judgment, but they must still remain liable to the right of restitution, by reason of the original vice impressed upon them in being bought by a pei’son who had a legal right to purchase, and from a person commanded by Law to sell, and having a right to sell to the Plaintiff.
 

 If such were the Law in England, it is probable some cases might be found where'suits have been instituted against, subsequent purchasers of chattel property, or even against the Plaintiff in the original judgment, in
 
 *274
 
 behalf of the Plaintiff in error claiming restitution after a reversal. No such cases are recollected. As to the p0jn^ 0f institution, tiio first case that occurs, and 1 be-Revo the strongest in favor of the Plaintiff, is to be found in
 
 Cro. Jas.
 
 246. It was there held, that the sale and delivery of a lease to the party himself upon an
 
 elegit
 
 was void, and that upon a reversal, the Plaintiff in error was entitled to restitution. The Court took this strong difference between an
 
 elegit
 
 and
 
 a, jieri facias,
 
 that in the former, the sale and delivery is not in pursuance of the
 
 writ;
 
 but the writ of
 
 jieri
 
 facias' gives authority to the Sheriff to sell. They do not go so far as to say, that a sale
 
 by fieri facias
 
 to the party himself, shall deprive the Plaintiff in error of restitution, nor do they intimate that he is entitled to restitution because the sale was made to his adversary, but because he does not come
 
 duly thereto by act of Law.
 
 Here the lease was delivered to the party that recovered, by way of extent, without any sale, and therefore the owner shall be restored : so, if upon an
 
 ele-git,
 
 personal goods are delivered to the party by a reasonable price and extent, upon the reversal of the judgment, he shall be restored to the goods themselves.
 

 This case appears to have been decided upon reasons exclusively applicable to the writ of elegit, between which and the
 
 fieri jadas•
 
 there is a difference so manifest, as ■to require a different construction of the Law regarding restitution. For, 1st. By an
 
 elegit
 
 the Defendant’s goods and chattels are not sold, but only appraised : whereas, by a
 
 fieri facias
 
 they are sold without any previous ap-praisement by a J ury. 2d. By an
 
 elegit
 
 they are deii-vered to the Plaintiff at a reasonable price and extent: whereas, in a
 
 fieri fiadas
 
 they cannot be delivered
 
 to
 
 the Plaintiff in satisfaction of ids debt, but must be sold. Sd. By the first, a moiety of the Defendant’s lands are delivered to the Plaintiff, till his debt be levied out of the rents and profits j but by the latter, they are absolutely sold to the best bidder, whether he bo the Plaintiff
 
 *275
 
 or a stranger. The well known effect of a seizure of property under
 
 a fien faüas
 
 is to divest the title by the authority of Law 5 but under the
 
 elegit
 
 nothing is finally settled until the inquisition is returned and filed, before which the Court may examine it, and upon the detection of irregularity, may award a new writ.
 

 When a judgment is reversed, the Defendant is to be restored to what he lost by the writ as it was awarded. In a
 
 fieri facias
 
 he loses the money, because the Sheriff is commanded to make the money out of the Defendant’s goods and chattels, lands and tenements
 
 ;
 
 and to that, therefore, he1 is properly restored. But in an
 
 elegit,
 
 the goods themselves are delivered over to the Plaintiff, and upon a reversal, the Defendant must be restored to them. We are therefore of opinion, that the Plaintiff in error is not entitled to restitution even against the Plaintiff in the original judgment, where the sale has taken place under
 
 a fieri facias
 
 and without fraud.